Douglas Elwood FIELDS, Appellant,

v.

The STATE of Texas.

No. 792–98.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 15, 1999.

Michael C. Gross, San Antonio, for appellant.

Daniel Thornberry, Asst. Dist. Atty., San Antonio, Betty Marshall, Asst. State's Atty., Matthew Paul, State's Atty., Austin, for State.

## OPINION

JOHNSON, J., delivered the opinion for a unanimous court.

Appellant was charged with and convicted of aggravated robbery. During the punishment phase, the State presented evidence that appellant had committed a previous robbery which had never been prosecuted. In its charge at the punishment phase, the trial court instructed the jury that any extraneous evidence must be proven beyond a reasonable doubt before it could be considered by the jury as a factor affecting punishment. The charge did not include a definition of the term "reasonable doubt," although that term had been defined for the jury at guilt-innocence. Appellant did not object to this omission or request that the judge submit a definition to the jury again.

On appeal, appellant alleged that the trial court erred in failing to provide a definition of "reasonable doubt" in the jury charge at punishment. A majority of a panel of the Court of Appeals agreed. Based on our decision in *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991) and the dictates of TEX.CODE CRIM. PROC. arts. 37.07, § 3(a)[1] and (b),[2] it held that a trial

---

1. Art. 37.07, § 3(a) provides, in relevant part, that "evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including ... any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act."

2. Art. 37.07, § 3(b) provides that "[a]fter the introduction of such evidence has been concluded, and if the jury has the responsibility of assessing the punishment, the court shall

court is required to define reasonable doubt to the jury during the punishment phase when the state has relied on evidence of extraneous offenses. *Fields v. State*, 966 S.W.2d 736, 741 (Tex.App.—San Antonio 1998). Therefore, it found that the trial court in the instant case erred when it failed to define reasonable doubt in the court's charge to the jury. *Id.* at 741–742. It found this error to be harmful, reversed the conviction and remanded for a new sentencing hearing. *Id.* at 742. Justice Green dissented. *Id.* at 742–743 (Green, J., dissenting).

■ The District Attorney and the State Prosecuting Attorney both filed petitions for discretionary review. We granted the District Attorney's petition on the following grounds: (1) the Court of Appeals erred in holding that a trial court must *sua sponte* submit a definition of reasonable doubt as to proof of extraneous misconduct at the punishment phase of trial; (2) the court of appeals erred in holding that failure to define reasonable doubt as to proof of extraneous misconduct at the punishment phase is constitutional error subject to harm analysis under Tex. R.App. P. 44.2(a). We granted the State Prosecuting Attorney's petition for discretionary review on the following grounds: (1) does a defendant who does not request an instruction on the definition of "reasonable doubt" at punishment waive any error on appeal? (2) must a trial court instruct the jury on the definition of "reasonable doubt" at punishment even in the absence of a request for such an instruction? (3) is a failure to instruct the jury on the definition of reasonable doubt at punishment constitutional error subject to a harm analysis under Tex.R.App. P. 44.2(a)?

■ The definition of reasonable doubt set out in *Geesa* applies specifically to the guilt-innocence phase of a trial; although "the rules are not of constitutional dimension *per se* ... [they] serve to implement the constitutional requirement that a criminal conviction cannot stand 'except upon proof beyond a reasonable doubt.' " *Geesa*, 820 S.W.2d at 163 (citing *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). The reasonable-doubt standard of art. 37.07 is neither constitutionally required nor based on a constitutional mandate.[3] At the punishment phase, the defendant has already been found guilty beyond a reasonable doubt of each element of the offense charged. For purposes of assessing punishment, the prosecution may offer evidence of any extraneous crime or bad act that is shown, beyond a reasonable doubt, either to have been (1) an act committed by the defendant or (2) an act for which he could be held criminally responsible. Tex. Code Crim. Proc. art. 37.07, § 3(a). Prior crimes or bad acts are introduced to provide additional information which the jury may use to determine what sentence the defendant should receive. The statute requires that such evidence may not be considered in assessing punishment until the fact-finder is satisfied beyond a reasonable doubt that these prior acts are attributable to the defendant. Once this requirement is met, the fact-finder may use the evidence however it chooses *in assessing punishment.* Thus, this evidence serves a purpose very different from evidence presented at the guilt-innocence phase. Neither *Geesa* nor art. 37.07 can be read to require that a reasonable-doubt instruction be given at the punishment phase, absent a request.[4]

give such additional written instructions as may be necessary and the order of procedure and the rules governing the conduct of the trial shall be the same as are applicable on the issue of guilt or innocence."

**3.** As the Supreme Court has noted, "[s]entencing courts have traditionally heard evidence and found facts without any prescribed burden of proof at all." *McMillan v. Pennsylvania*, 477 U.S. 79, 91, 106 S.Ct. 2411, 2419, 91 L.Ed.2d 67 (1986).

**4.** We note, too, that the jury at the punishment phase was also the jury at the guilt-innocence phase, and was instructed on the

The District Attorney's first ground for review and the State Prosecuting Attorney's second ground for review are sustained.[5] The cause is remanded to the Court of Appeals for proceedings consistent with this opinion.

definition of reasonable doubt at that phase of the trial.

5. Based on our disposition of these grounds for review, it is unnecessary for us to review the remaining grounds. Therefore, they are therefore dismissed as improvidently granted. *See* TEX.R.APP. P. 69.3.