Douglas Elwood FIELDS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–97–00068–CR.

Court of Appeals of Texas, San Antonio.

Feb. 2, 2000.

Michael C. Gross, Tyler, Douglas Fields, for appellant.

Matthew W. Paul, Betty Marshall, Austin, for appellee.

Sitting: ALMA L. LÓPEZ, Justice, CATHERINE M. STONE, Justice, PAUL W. GREEN, Justice.

Opinion by: ALMA L. LÓPEZ, Justice.

This case is on remand from the Court of Criminal Appeals. Previously, this court considered Douglas Elwood Fields's complaint that the trial judge erred by failing to define "reasonable doubt" in the court's charge during the punishment phase of trial. Although Fields did not object to the omission at trial, this court

reasoned that the trial court should have defined "reasonable doubt" in the jury charge because the State relied on evidence of an extraneous offense in seeking punishment, and because article 37.07 of the Code of Criminal Procedure allows the jury to consider such evidence only when proven beyond a reasonable doubt. *See Fields v. State,* 966 S.W.2d 736, 741–42 (Tex.App.—San Antonio 1998), *rev'd,* 1 S.W.3d 687, 688 (Tex.Crim.App.1999). As a result, this court reversed the sentencing portion of the trial court's judgment and remanded the case for a new punishment trial.

On petition for discretionary review, however, the Court of Criminal Appeals determined that, in the absence of a request by the defendant, the trial court is not required to define "reasonable doubt" to the jury *sua sponte* and that a defendant who fails to request a definition of reasonable doubt in the punishment charge waives error on appeal. *See Fields v. State,* 1 S.W.3d 687, 688 (Tex.Crim.App. 1999). That having been decided, and all other issues having been overruled in our earlier review, this court now affirms the sentencing portion of the trial court's judgment.