TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00087-CR







Charles Ray Hopkins, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 7961, HONORABLE CHARLES HEARN, JUDGE PRESIDING







Appellant Charles Ray Hopkins pleaded guilty before a jury to the burglary of a
habitation. See Tex. Penal Code Ann. § 30.02 (West Supp. 2000). After hearing evidence
relevant to sentence, the jury assessed punishment at imprisonment for twenty years. In a single
point of error, appellant contends the district court reversibly erred by failing to instruct the jury
on the burden of proof regarding extraneous offenses admitted at the punishment stage of trial.

Evidence may be offered at the punishment stage "as to any matter the court deems
relevant to sentencing, including . . . evidence of an extraneous crime or bad act that is shown
beyond a reasonable doubt by evidence to have been committed by the defendant or for which he
could be held criminally responsible." Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West
Supp. 2000). Under article 37.07, section 3(a), extraneous misconduct evidence may not be
considered in assessing punishment unless the fact-finder is satisfied beyond a reasonable doubt
that the defendant committed or is criminally responsible for the misconduct. See Huizar v. State,
No. 794-98, slip op. at 7 (Tex. Crim. App. Feb. 23, 2000); Fields v. State, 1 S.W.3d 687, 688
(Tex. Crim. App. 1999). The necessity of proving the defendant's culpability beyond a
reasonable doubt is "law applicable to the case" and must be included in the punishment charge
even in the absence of a request by the defendant. See Huizar, slip op. at 10-11; Tex. Code Crim.
Proc. Ann. art. 36.14 (West Supp. 2000) (jury charge must distinctly set forth law applicable to
case). Failure to give such an instruction is charge error subject to review under Code of
Criminal Procedure article 36.19 as interpreted in Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1985) (op. on reh'g). See Huizar, slip op. at 11-12; Tex. Code Crim. Proc. Ann.
art. 36.19 (West 1981).

The State introduced evidence of four extraneous offenses in the cause before us. 
First, documents were introduced reflecting appellant's 1993 burglary of a habitation conviction
in Burnet County cause number 7557. Next, the State introduced appellant's sworn confession
to two 1994 residential burglaries committed during the same general time frame as the instant
offense. Finally, an investigator for the district attorney testified that one of the other burglaries
also involved a "vicious attack on [a] 94-year-old citizen in his home." The district court did not
instruct the jury that appellant's culpability for these extraneous offenses had to be proved beyond
a reasonable doubt before they could be considered in assessing punishment. Because appellant
did not request such an instruction or object to its absence, this charge error requires reversal only
if it resulted in egregious harm that denied appellant a fair and impartial trial. See Almanza, 686
S.W.2d at 171.

The degree of harm resulting from charge error "must be assayed in light of the
entire jury charge, the state of the evidence, including the contested issues and weight of probative 
evidence, the argument of counsel and any other relevant information revealed by the record." 
Id. Appellant's 1993 burglary conviction was proved by penitentiary records to which appellant
voiced no objection. The other 1994 burglaries were proved by appellant's sworn confession, to
which he also did not object. Given the nature and weight of the evidence regarding the
extraneous burglaries, we are satisfied that a properly instructed jury would have found them
proved beyond a reasonable doubt and therefore considered them in assessing punishment. Insofar
as these offenses are concerned, appellant was not egregiously harmed by the omission of the
burden of proof instruction.

The investigator's testimony regarding the "vicious attack" on the elderly burglary
victim, if believed by the jury, would have supported a finding beyond a reasonable doubt that
appellant committed the extraneous assault. But even if we assume that a properly instructed jury
would not have considered the assault in assessing punishment, egregious harm is not shown by
this record. Appellant adduced testimony that, eight months before the instant trial, he had been
tried, convicted, and sentenced to fifteen years in prison for one of the 1994 burglaries. He also
adduced testimony that he had been tried, convicted, and sentenced to life imprisonment for an
unspecified offense. (1) During closing argument, defense counsel told the jury that appellant had
already been sentenced to terms of imprisonment of fifteen years, thirty years, and life, and
suggested that the instant prosecution was an unnecessary effort "to take another bite of Charles
Hopkins." The prosecutor urged the jury to "put him away for 20 years, [and] I guarantee he's
not going to be burglarizing any houses for a long time." Neither argument mentioned the
extraneous assault. In light of the evidence and argument regarding appellant's other crimes and
convictions, we conclude that the brief testimony regarding the extraneous assault did not
significantly contribute to the jury's punishment decision. With respect to the extraneous assault,
the omission of the burden of proof instruction did not egregiously harm appellant under the
circumstances of this case.

The point of error is overruled and the judgment of conviction is affirmed.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Davis*

Affirmed

Filed: March 2, 2000

Do Not Publish 





* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. We are advised in appellant's brief that this conviction was for injury to an elderly
individual growing out of the assault testified to by the investigator.


nstruction is charge error subject to review under Code of
Criminal Procedure article 36.19 as interpreted in Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1985) (op. on reh'g). See Huizar, slip op. at 11-12; Tex. Code Crim. Proc. Ann.
art. 36.19 (West 1981).

The State introduced evidence of four extraneous offenses in the cause before us. 
First, documents were introduced reflecting appellant's 1993 burglary of a habitation conviction
in Burnet County cause number 7557. Next, the State introduced appellant's sworn confession
to two 1994 residential burglaries committed during the same general time frame as the instant
offense. Finally, an investigator for the district attorney testified that one of the other burglaries
also involved a "vicious attack on [a] 94-year-old citizen in his home." The district court did not
instruct the jury that appellant's culpability for these extraneous offenses had to be proved beyond
a reasonable doubt before they could be considered in assessing punishment. Because appellant
did not request such an instruction or object to its absence, this charge error requires reversal only
if it resulted in egregious harm that denied appellant a fair and impartial trial. See Almanza, 686
S.W.2d at 171.

The degree of harm resulting from charge error "must be assayed in light of the
entire jury charge, the state of the evidence, including the contested issues and weight of probative 
evidence, the argument of counsel and any other relevant information revealed by the record." 
Id. Appellant's 1993 burglary conviction was proved by penitentiary records to which appellant
voiced no objection. The other 1994 burglaries were proved by appellant's sworn confession, to
which he also did not object. Given the nature and weight of the evidence regarding the
extraneous burglaries, we are satisfied that a properly instructed jury would have found them