NUMBER 13-99-369-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JAMES ALVIN LYNCH
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 103rd District Court


of Cameron County, Texas.


____________________________________________________________________



O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez




 

 A grand jury indicted James Alvin Lynch, appellant, for possession
of cocaine in an amount of one gram or more but less than four grams,
and a jury found him guilty of the lesser included offense of possession
of less than one gram of cocaine. See Tex. Health & Safety Code Ann.
§ 481.115(b),(c) (Vernon Supp. 2000). The jury assessed punishment
at two years confinement. By two issues, appellant complains of error
in the jury charge during the punishment stage of the trial. We affirm.

 The facts are not in dispute. During the punishment stage of the
trial, the State presented evidence of appellant's prior convictions. 
Without a request or an objection from appellant, the trial court
submitted a punishment charge that did not include an instruction on
extraneous offenses. On appeal, appellant complains the trial court
erred in failing to include, sua sponte, an instruction that the jury could
not consider extraneous offenses unless they were proven beyond a
reasonable doubt. See Tex. Code Crim. Proc. Ann. § 37.07(3) (Vernon
Supp. 2000). 

 The court of criminal appeals recently addressed this issue in
Huizar v. State, 12 S.W.3d 479, passim (Tex. Crim. App. 2000). In
Huizar, the court found that the trial court erred in failing to include, sua
sponte, an instruction that the jury could not consider extraneous bad
acts and offenses until it found beyond a reasonable doubt that the
defendant committed the acts or offenses. See Huizar, 12 S.W.3d at
483-84. The court classified this error as "purely charge error" that did
not implicate constitutional rights. See id. at 484-85. As such, it was
governed by the Almanza harm analysis and article 36.19 of the code
of criminal procedure. See id.; Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1985) (opin. on rehearing).

 In accordance with Huizar, we find that the trial court in this case
erred in failing to include an instruction on extraneous offenses
pursuant to section 37.07(3). Because this error is non-constitutional
and appellant failed to object or request an instruction, we must
determine whether it caused appellant egregious harm. See Tex. Code
Crim. Proc. Ann. art. 36.19 (Vernon 1981); Almanza, 686 S.W.2d at
171; see also Huizar, 12 S.W.3d at 484-85. An error in the charge is
egregious if it "affect[s] 'the very basis of the case,' deprives the
defendant of a 'valuable right,' or 'vitally affect[s] a defensive theory.' " 
Hutch v. State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996) (quoting
Almanza, 686 S.W.2d at 172). When reviewing error in the charge, we
consider: (1) the charge; (2) the evidence; (3) the arguments of
counsel; and (4) any other relevant information from the record. See id.
(citing Bailey v. State, 867 S.W.2d 42, 43 (Tex. Crim. App. 1993)).

 As noted, the charge did not instruct the jury on the burden of
proof as to extraneous offenses. The State offered certified copies of
judgments of conviction against appellant and the testimony of
appellant's probation officer to link the judgments to appellant. 
Appellant did not dispute the validity of the extraneous offenses and did
not object to their admission into evidence. In its argument, the State
referred to the prior offenses as grounds for the jury imposing the
maximum sentence. Appellant acknowledged the prior offenses, but
argued that he paid his time for the offenses. In light of appellant's
failure to contest the validity of the convictions, and the strong evidence
presented by the State to prove appellant committed the extraneous
offenses, we are unable to say appellant suffered egregious harm
because of the trial court's failure to include an instruction on the
burden of proof for extraneous offenses. 

 Appellant additionally complains the trial court erred during the
punishment stage by failing to define reasonable doubt in connection
with the omitted extraneous offense instruction. Appellant urges this
Court to extend Geesa v. State, 820 S.W.2d 154, 162-63 (Tex. Crim.
App. 1991), in which the court of criminal appeals held that a
reasonable doubt definitional instruction must be submitted to the jury
during the guilt-innocence phase of the trial even in the absence of a
request or objection, to the punishment phase of the trial. The court of
criminal appeals, however, recently held that "[n]either Geesa nor art.
37.07 can be read to require that a reasonable-doubt instruction be
given at the punishment phase, absent a request." Fields v. State, 1
S.W.3d 687, 688 (Tex. Crim. App. 1999). 

 In this case, appellant did not request a definition on reasonable
doubt during the punishment phase. We conclude the trial court did
not err in failing to include, without a request or an objection, a
definition of reasonable doubt in the punishment charge.(1) Appellant's
first and second issues are overruled. 




 

 The judgment of the trial court is AFFIRMED. 

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this the 1st day of June, 2000.


1. We note, as did the court of criminal appeals in Fields v. State, 1
S.W.3d 687, 688-89 n.4 (Tex. Crim. App. 1999), that the trial court
submitted a reasonable doubt instruction to the same jury during the
guilt-innocence phase of the trial.