David Wayne Miller v. SOT



NUMBER 13-00-094-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


DAVID WAYNE MILLER, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 93rd District Court of Hidalgo County, Texas.

____________________________________________________________________



MEMORANDUM OPINION




Before Justices Dorsey, Hinojosa, and Rodriguez


Opinion by Justice Hinojosa




A jury found appellant, David Wayne Miller, guilty of the offense of attempted murder and assessed his punishment at
twenty years imprisonment. In five points of error, appellant contends: (1) he received ineffective assistance of counsel;
(2) the trial court erred in not granting a mistrial when jurors saw him in shackles and handcuffs; (3) the trial court erred in
not granting a continuance when he claimed surprise during the punishment phase; (4) the trial court erred in not allowing
him to represent himself; and (5) the trial court erred by failing to define "reasonable doubt" in the punishment phase jury
charge. We affirm.

As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

In his first point of error, appellant contends he was denied effective assistance of counsel because his attorneys: (1) failed
to urge a speedy trial motion; (2) failed to investigate and prepare for trial; (3) failed to object to extraneous offenses
elicited at punishment phase; (4) failed to request a curative instruction after it was determined that he had been seen by
jury members in handcuffs and shackles; and (5) failed to properly investigate which led to his having to move for a
continuance during trial.

Claims of ineffective assistance of counsel are analyzed under the rule set forth in Strickland v. Washington, 466 U.S. 668
(1984), and adopted by the Texas courts in Hernandez v. State, 726 S.W.2d 53, 56 (Tex. Crim. App. 1986). The
Stricklandstandard applies to ineffective assistance of counsel at both the guilt-innocence and punishment phases of the
trial. Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999).

We find no evidence in the record which establishes that appellant's counsel rendered ineffective assistance. The record
shows that: (1) despite an eight month delay, appellant's right to a speedy trial was not violated, see Barker v. Wingo, 407
U.S. 514, 529-31 (1972); (2) his counsel did investigate his case, the representation was effective, and was a bona
fideattempt to assist appellant; (3) counsel was not ineffective for not objecting to relevant extraneous offenses during the
punishment phase of the trial; and (4) it was sound trial strategy to not highlight the fact that some jurors might have seen
appellant in shackles and handcuffs by requesting a curative instruction. We overrule appellant's first point of error.

In his second point of error, appellant contends the trial court erred in failing to grant a mistrial on the basis that he had
been seen by jurors while he was in shackles and handcuffs. All efforts possible should be made to prevent jury members
from seeing the defendant in restraints in order to protect the presumption of innocence. See Clark v. State, 717 S.W.2d
910, 918-19 (Tex. Crim. App. 1986); Garza v. State, 10 S.W.3d 765, 767 (Tex. App.-Corpus Christi 2000, pet. ref'd).
However, a momentary, inadvertent, and fortuitous encounter away from the courtroom between a handcuffed accused and
one or more jurors need not result in a mistrial. Hernandez, 805 S.W.2d 409, 414-15 (Tex. Crim. App. 1990); Clark, 717
S.W.2d at 919.

The evidence in the record shows that appellant's limited chance exposure to the jurors outside the courtroom does not rise
above a momentary, inadvertent, and fortuitous encounter. There is nothing in the record to indicate that the exposure was
deliberate or so prejudicial as to deprive appellant of a fair trial. Thus, the trial court did not err in denying appellant's
motion for a mistrial. Appellant's second point of error is overruled.

In his third point of error, appellant contends the trial court erred by failing to grant his request to represent himself and
allow him to move for a mistrial on his claim of ineffective assistance of counsel. An accused has a right to
self-representation under the Sixth Amendment. Faretta v. California, 422 U.S. 806 (1975); Ex parte Winton, 837 S.W.2d
134, 135 (Tex. Crim. App. 1992). However, the right to self-representation does not attach until it has been clearly and
unequivocally asserted. Funderburg v. State, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986). The right must be asserted in
a timely manner, namely, before the jury is impaneled. Blankenship v. State, 673 S.W.2d 578, 585 (Tex. Crim. App. 1984).
Once the right has been asserted, the trial judge is obliged to make the accused aware of the consequences of
self-representation. Id. at 583. Thereafter, if the accused maintains his desire to proceed pro se, he should be allowed to so
proceed so long as the assertion of his right to self-representation is unconditional and not asserted to disrupt or delay the
proceedings. Id. at 585.

Appellant, during the punishment phase, informed the court that he wanted to represent himself and move for a mistrial
because of inadequate counsel, apparently because his preferred counsel, Ricardo Salinas, was not present, and his other
counsel, Mark Alexander, was representing him at punishment. Because appellant's request was made long after the jury
was impaneled, we conclude his request for self-representation was not timely. See McDuff v. State, 939 S.W.2d 607, 619
(Tex. Crim. App. 1997). Accordingly, we overrule appellant's third point of error.

In his fourth point of error, appellant contends the trial court erred in failing to grant a continuance when he claimed
surprise and that he needed time to locate two additional witnesses who could rebut the testimony of the State's witnesses
during the punishment phase. A continuance may be granted on the motion of the defendant after the trial has begun, when
it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no
reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had. See Tex.
Code Crim. Proc. Ann. art. 29.13 (Vernon 1989). A trial court's ruling on a motion for continuance is reviewed for abuse
of discretion. See Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). When a motion for continuance made
during trial is not in writing and sworn to, error is not preserved. Matamoros v. State, 901 S.W.2d 470, 478 (Tex. Crim.
App. 1995). A refusal to grant a verbal motion for continuance is not reversible error on the part of the trial court.
Hightower v. State, 629 S.W.2d 920, 925-26 (Tex. Crim. App. 1981); Ashcroft v. State, 900 S.W.2d 817, 834 (Tex.
App.-Corpus Christi 1995, no pet.). 

Appellant's motion for continuance to look for witnesses to rebut the State's witnesses at the punishment phase of trial was
not in writing. Thus, we conclude appellant has failed to preserve this issue for our review. Appellant's fourth point of
error is overruled.

In his fifth point of error, appellant contends the trial court erred by failing to define "reasonable doubt" in its charge to the
jury during the punishment phase. There is no requirement that a "reasonable doubt" definition be given at the punishment
phase, absent a request. See Huizar v. State, 12 S.W.3d 479, 481 (Tex. Crim. App. 2000) (clarifying Fields v. State, 1
S.W.3d 687 (Tex. Crim. App. 1999)); see also Paulson v. State, 28 S.W.2d 570, 573 (Tex. Crim. App. 2000) ("the better
practice is to give no definition of reasonable doubt at all to the jury").

 Appellant did not ask that a reasonable doubt definition be given. Thus, the trial court did not err in not sua sponte giving
one. Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.



FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

9th day of August, 2001.