NUMBER 13-02-421-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


TERRENCE DEWAYNE LEWIS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 24th District Court


of Victoria County, Texas.


__________________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo


Opinion by Justice Rodriguez



 Appellant, Terrence Dewayne Lewis, brings this appeal following his conviction
for the first degree felony offense of possession with intent to deliver a controlled
substance. The trial court has certified that this case "is not a plea-bargain case, and
the defendant has the right of appeal." See Tex. R. App. P. 25.2(a)(2). By one point
of error, appellant contends evidence presented at the punishment hearing relating to
the extraneous offense of murder was legally insufficient and affected the punishment
imposed by the jury. We affirm. 

I. FACTS

 As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.II. LEGAL SUFFICIENCY OF EXTRANEOUS OFFENSE EVIDENCE

A. Standard of Review

 For the purpose of assessing punishment, the State may offer evidence for the
jury's consideration of any extraneous crime or bad act that can be proven beyond a
reasonable doubt, regardless of whether the defendant was charged with or finally
convicted of the crime or bad act. Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)
(Vernon Supp. 2003). The extraneous offense must have been either: (1) committed
by the defendant; or (2) an act for which the defendant could be held criminally
responsible. Id. Once the jury is satisfied beyond a reasonable doubt that the crime
or bad act can be attributed to the defendant, it may use the evidence however it
chooses in assessing punishment. Fields v. State, 1 S.W.3d 687, 688 (Tex. Crim.
App. 1999). When reviewing the legal sufficiency of evidence presented at the
punishment stage, we view the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have made the finding beyond a
reasonable doubt. See Cantu v. State, 939 S.W.2d 627, 641 (Tex. Crim. App. 1997);
Hernandez v. State, 52 S.W.3d 268, 277 (Tex. App.-Corpus Christi 2001, no pet.). 
In this review, we do not attempt to discover what a jury subjectively believed. See
Cantu, 939 S.W.2d at 642. Extraneous offenses are not exempt from the rule that
holds a jury is not required to identify which evidence it relied on to determine if a fact
was true beyond a reasonable doubt. See id.

B. Analysis

 During the punishment phase of the trial, the State introduced evidence of
several extraneous offenses, including an unadjudicated murder alleged to have been
committed by appellant. For the jury to consider the extraneous offense of murder in
deciding punishment, the State had to prove beyond a reasonable doubt that appellant
intentionally or knowingly caused the death of an individual. See Fields, 1 S.W.3d at
688. The evidence of the alleged murder came from Investigator Gary Smejkal, Eric
Jackson, and a videotape. Jackson testified he secretly videotaped appellant
voluntarily confessing to the alleged murder and providing details about the event. The
videotape contains a conversation recorded between Jackson and appellant. The
videotape is of rather low visual quality, having been secretly recorded in a dark car. 
However, although appellant is seen only briefly, the audio level is extremely clear, and
his voice can be easily distinguished from Jackson's voice. The recorded conversation
consists of a series of questions asked by Jackson, to which appellant freely
responded with great detail. Further, Jackson testified appellant had the victim's gun
in his possession. Jackson also stated he could positively identify the gun. Finally,
Detective Smejkal testified other evidence collected from the vehicle connected
appellant to the murder. Detective Smejkal stated that much of the evidence from the
vehicle, such as shell casings and the victim's shoes, had been sent to the Department
of Public Safety lab for analysis to be used in appellant's upcoming murder trial.

 Viewing the evidence in the light most favorable to the verdict, we determine
that the evidence was legally sufficient to allow any rational trier of fact to make the
finding that appellant committed murder, or was so involved in the act as to be held
criminally responsible for the death beyond a reasonable doubt. See Cantu, 939
S.W.2d at 641; Hernandez, 52 S.W.3d at 277. Thus, if the jury considered the
extraneous offense of murder in assessing appellant's punishment of ninety-nine years,
it did so properly. See Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a). Appellant's sole
point of error is overruled. 

III. CONCLUSION

 Accordingly, we affirm the judgment of the trial court.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 21st day of August, 2003.