WHITTLE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-03-125-CR

         
2-03-126-CR

FREDRICK EUGENE WHITTLE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Frederick Eugene Whittle appeals from his convictions for possession of child pornography with intent to promote and possession of child pornography.  In a single point, appellant contends the trial court erred in admitting into evidence during punishment an exhibit containing twenty-two cartoons depicting a young female in various sexual poses and situations.  We affirm.

After pleading guilty to the trial court, appellant elected to have the trial court assess punishment rather than a jury.  When the State attempted to introduce the cartoons into evidence, appellant objected claiming they were not relevant to sentencing because possession of cartoons depicting child pornography is not a crime.  
See Ashcroft v. Free Speech Coalition
, 535 U.S. 234, 241, 256, 122 S. Ct. 1389, 1397, 1405 (2002); 
Tex. Penal Code Ann.
 § 43.26(b)(3)(A) (Vernon 2003).  The State responded that regardless of the legality, appellant’s possession of the cartoons constituted a “bad act” and was relevant to the issue of his character.

Article 37.07, section 3(a)(1) of the code of criminal procedure provides that:

evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and . . . any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible.

Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1) (Vernon Supp. 2004).  The trial court’s decision to admit or exclude evidence at the punishment phase is subject to review for an abuse of discretion.  
See Mitchell v. State,
 931 S.W.2d 950, 953 (Tex. Crim. App. 1996).

Charles Johnson, an investigator with the Tarrant County District Attorney’s office, testified that he found the cartoon images on the hard drive of appellant’s computer.  While possession of the images is not an illegal act, we do not agree with appellant that it is an “innocent” act, nor do we agree that to be admissible under article 37.07, section 3(a)(1), the act must constitute a criminal offense.  The court of criminal appeals has held that “[f]or purposes of assessing punishment, the prosecution may offer evidence of any extraneous crime or bad act that is shown, beyond a reasonable doubt, either to have been (1) 
an act committed by the defendant
 or (2) an act for which he could be held criminally responsible.”  
Fields v. State
, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999) (emphasis added).  The evidence shows that the cartoons were found in appellant’s possession on the same computer where he stored actual child pornography.  

Furthermore, Johnson testified that when he arrived at appellant’s apartment to search his computer, appellant told him he was using the materials on his computer to catch child pornographers and that he was going to turn it over to the FBI.  Appellant testified that he was trying to help police catch child pornographers because they do not have enough resources to catch them all.  He also admitted, however, that he could see he needed help.  In his closing argument, appellant’s counsel argued, as a mitigating circumstance, that appellant’s initial innocent interest in helping law enforcement changed into a problem for which appellant accepted responsibility.  The existence of the cartoons was relevant to the nature and volume of material on appellant’s computer and his claim that he was merely attempting to assist the police.  Thus, we hold that the trial court did not abuse its discretion in admitting the cartoons into evidence for purposes of punishment. 

We overrule appellant’s sole point and affirm the trial court’s judgments.

PER CURIAM

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 22, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.