COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-03-125-CR
2-03-126-CR
 
   
FREDRICK EUGENE WHITTLE                                                  APPELLANT
   
V.
   
THE STATE OF TEXAS                                                                  STATE
   
------------
 
FROM THE 372ND 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Frederick Eugene Whittle appeals from his convictions for possession of child 
pornography with intent to promote and possession of child pornography. In a 
single point, appellant contends the trial court erred in admitting into 
evidence during punishment an exhibit containing twenty-two cartoons depicting a 
young female in various sexual poses and situations. We affirm.
        After 
pleading guilty to the trial court, appellant elected to have the trial court 
assess punishment rather than a jury. When the State attempted to introduce the 
cartoons into evidence, appellant objected claiming they were not relevant to 
sentencing because possession of cartoons depicting child pornography is not a 
crime. See Ashcroft v. Free Speech Coalition, 535 U.S. 234, 241, 256, 122 
S. Ct. 1389, 1397, 1405 (2002); Tex. 
Penal Code Ann. § 43.26(b)(3)(A) (Vernon 2003). The State responded that 
regardless of the legality, appellant’s possession of the cartoons constituted 
a “bad act” and was relevant to the issue of his character.
  
        Article 
37.07, section 3(a)(1) of the code of criminal procedure provides that:
evidence may be offered by the 
state and the defendant as to any matter the court deems relevant to sentencing, 
including but not limited to the prior criminal record of the defendant, his 
general reputation, his character, an opinion regarding his character, the 
circumstances of the offense for which he is being tried, and . . . any other 
evidence of an extraneous crime or bad act that is shown beyond a reasonable 
doubt by evidence to have been committed by the defendant or for which he could 
be held criminally responsible.

 
Tex. Code Crim. Proc. Ann. art. 37.07, 
§ 3(a)(1) (Vernon Supp. 2004). The trial court’s decision to admit or exclude 
evidence at the punishment phase is subject to review for an abuse of 
discretion. See Mitchell v. State, 931 S.W.2d 950, 953 (Tex. Crim. App. 
1996).
        Charles 
Johnson, an investigator with the Tarrant County District Attorney’s office, 
testified that he found the cartoon images on the hard drive of appellant’s 
computer. While possession of the images is not an illegal act, we do not agree 
with appellant that it is an “innocent” act, nor do we agree that to be 
admissible under article 37.07, section 3(a)(1), the act must constitute a 
criminal offense. The court of criminal appeals has held that “[f]or purposes 
of assessing punishment, the prosecution may offer evidence of any extraneous 
crime or bad act that is shown, beyond a reasonable doubt, either to have been 
(1) an act committed by the defendant or (2) an act for which he could be 
held criminally responsible.” Fields v. State, 1 S.W.3d 687, 688 (Tex. 
Crim. App. 1999) (emphasis added). The evidence shows that the cartoons were 
found in appellant’s possession on the same computer where he stored actual 
child pornography.
        Furthermore, 
Johnson testified that when he arrived at appellant’s apartment to search his 
computer, appellant told him he was using the materials on his computer to catch 
child pornographers and that he was going to turn it over to the FBI. Appellant 
testified that he was trying to help police catch child pornographers because 
they do not have enough resources to catch them all. He also admitted, however, 
that he could see he needed help. In his closing argument, appellant’s counsel 
argued, as a mitigating circumstance, that appellant’s initial innocent 
interest in helping law enforcement changed into a problem for which appellant 
accepted responsibility. The existence of the cartoons was relevant to the 
nature and volume of material on appellant’s computer and his claim that he 
was merely attempting to assist the police. Thus, we hold that the trial court 
did not abuse its discretion in admitting the cartoons into evidence for 
purposes of punishment.
        We 
overrule appellant’s sole point and affirm the trial court’s judgments.
 
  
                                                                  PER 
CURIAM
   
   

PANEL F:   LIVINGSTON, 
DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: January 22, 2004
   

 
NOTES
1. See Tex. R. App. P. 47.4.