

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00235-CR

---

CALVIN DEWAYNE OVERSTREET                                              APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1332802D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Calvin Dewayne Overstreet appeals his conviction and forty-year sentence for unlawful possession of a firearm. We affirm.

### Background Facts

On June 11, 2014, Appellant called 911, claiming that he was being followed. Appellant parked at a QuikTrip gas station. Officer Hunter Dell, a

---

[1]*See* Tex. R. App. P. 47.4.

Grand Prairie police officer, arrived at the QuikTrip and saw a car parked in a handicap parking space at "about a 45-degree angle." He saw Appellant inside the store talking on his cellphone very animatedly and waving his hand around above his head.

After speaking with Appellant and another officer, Dell became concerned for his own safety. He asked Appellant to raise his hands so Dell could perform a pat down. When Appellant did, a bag of white powder, which Dell believed to be cocaine, fell out of Appellant's hands

Police officers searched Appellant's car and saw a handgun lying on the front passenger seat. They also found two crowbars, some jackets and gloves, and a backpack containing duct tape, a hammer, and several rolls of coins. Appellant told an officer that the cocaine was his but that the gun belonged to a girl who had been in the car earlier. However, at trial, Alexis Gilbert testified that he had been in Appellant's car that evening. Appellant had picked Gilbert up in south Dallas and had given him a ride that lasted five or ten minutes. Gilbert, who is paralyzed from the waist down, testified that that the gun was on his hip and he did not realize it had fallen out when he had gotten out of the car.

A jury found Appellant guilty of unlawful possession of a firearm. At the punishment trial, Appellant pleaded true to the habitual offender notice. The State introduced photos of Appellant's tattoos, which a police officer identified as gang-related. The State also introduced photographs of a store that had been damaged during a robbery in June 2013, DNA evidence connecting Appellant to

2

the robbery, and photos of and stills from a surveillance video camera of a convenience store showing Appellant burglarizing the store. The jury assessed punishment at forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced Appellant accordingly.

**Discussion**

**1. Sufficiency of the evidence**

In his first point, Appellant argues that the evidence is legally insufficient to support the jury's finding that he knowingly possessed the pistol found in his car. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

To establish the offense of unlawful possession of a firearm by a felon, the State must show that the defendant was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of the person's release from confinement. Tex. Penal Code Ann. § 46.04(a)(1) (West 2011). Appellant does not dispute that he had a prior felony conviction; he challenges only the evidence that he possessed a firearm.

The penal code defines possession as "actual care, custody, control, or management." *Id.* § 1.07(a)(39) (West Supp. 2014). A person commits a

3

possession offense only if he voluntarily possesses the prohibited item. *Id.* § 6.01(a) (West 2011). Possession is voluntary if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. *Id.* § 6.01(b).

Officer Dell testified that after he handcuffed Appellant and put him in his patrol car, he looked inside the passenger-side window and saw the gun in the front seat in plain sight. Arlington police officer Edward Chappell also testified that when he arrived to the scene, the gun was visible in the passenger seat "just looking in the car." Chappell said that when he was taking Appellant to jail, he informed Appellant that he was being charged with possession of a controlled substance and felon in possession of a firearm. Appellant said, "I'll take the cocaine, but the gun's not mine. It belonged to a girl that was in my car who I dropped off and who got out of the car in Dallas because she was freaking out."

The evidence was that the gun was in plain view and within reach of the driver's seat in Appellant's car, which he had been driving. *See Bates v. State*, 155 S.W.3d 212, 216–17 (Tex. App.—Dallas 2004, no pet.) (considering evidence that the contraband was in plain view, that defendant was the owner of the car in which the contraband was found, that the defendant was the driver of the car in which the contraband was found, and that defendant was in close proximity and had ready access to the contraband in determining whether defendant was "conscious of his connection" with the weapon). Appellant also indicated to Chappell that he knew the gun was in his car. *See id.* (considering

affirmative statements connecting defendant to the contraband, including incriminating statements made by defendant when arrested). Although there was evidence that Appellant's friend Gilbert owned the gun and had accidentally left it in Appellant's car, the jury was free to believe that in the time between dropping Gilbert off in south Dallas and stopping at the gas station in Arlington, Appellant became aware of the gun in his car and chose not to terminate his control over it. *See* Tex. Penal Code Ann. § 6.01(b). The evidence was therefore sufficient to support the jury's finding of guilt. We overrule Appellant's first point.

**2. Evidence admitted during the guilt/innocence phase**

In his second and third points, Appellant argues that the trial court abused its discretion by admitting prejudicial evidence. In his second point, he complains of the admittance of the firearm recovered from his car. In his third point, he complains of the admittance of the bag of cocaine that had fallen from his person. An appellate court reviews a trial court's decision to admit evidence for an abuse of discretion. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004). A trial court abuses its discretion in admitting evidence if that decision falls outside the wide zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

An objection preserves only the specific ground cited. Tex. R. App. P. 33.1(a)(1)(A); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999); *Bell v. State*, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 827 (1997). At trial, Appellant

objected to the admission of the firearm and cocaine only under rule 403. Thus, any other objection that Appellant presents on appeal has been forfeited.[2] *See Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009) ("A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial.").

Evidence may be excluded under Texas Rule of Evidence 403 if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. But this rule also favors the admission of relevant evidence, and such evidence is presumed to be more probative than prejudicial. *See Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006), *cert. denied*, 549 U.S. 1056 (2006). In a rule 403 analysis, a trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that

---

[2]Specifically, Appellant's argument that the State did not lay the proper predicate for the gun and the cocaine is not preserved. Appellant also argues that the trial court did not conduct the balancing test under rule 403. However, in the admission of both pieces of evidence, the trial court specifically stated on the record that it had performed the balancing test. Rule 403 does not require that the trial court perform the balancing test on the record. *Sanders v. State*, 255 S.W.3d 754, 760 (Tex. App.—Fort Worth 2008, pet. ref'd).

presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *See Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

The firearm was relevant to determining Appellant's guilt. Seeing the actual gun aided the jurors in determining whether, considering its size and color for example, Appellant would have noticed the gun lying in the passenger seat. To that end, the gun was more probative than prejudicial. The trial court did not err by admitting the firearm. The cocaine helped explain Appellant's erratic behavior at the gas station and why he would have called 911 while leaving a gun in plain view in his vehicle. We therefore cannot say that the trial court abused its discretion by allowing the cocaine into evidence. We overrule Appellant's second and third issues.

**3. Evidence admitted at the punishment phase**

In his fourth through eighth points, Appellant argues that the trial court abused its discretion by admitting prejudicial evidence during the punishment phase of the trial. Specifically, he complains of the admission of pictures of his tattoos, photographs of two burglaries that he had committed, DNA evidence linking him to one of the burglaries, and surveillance photographs of one of the burglaries. At trial, the only objections to the evidence that Appellant made were under rule 403, except for the tattoo photographs, which he also objected to on relevancy grounds. Thus, any other argument Appellant makes on appeal

7

regarding the admission of this evidence has been forfeited.[3] *See Lovill*, 319 S.W.3d at 691–92.

During the punishment phase, "evidence may be offered . . . as to any matter the court deems relevant," including evidence of the defendant's reputation or character. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2014). Relevance in this context consists of what would be helpful to the jury in determining the appropriate punishment. *Mendiola v. State*, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000); *see* Tex. R. Evid. 401 (defining relevant evidence as evidence having any tendency to make existence of fact that is of consequence to determination of action more probable or less probable than it would be without evidence); *Garcia v. State*, 239 S.W.3d 862, 865 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

The State offered twenty-four photographs of Appellant's tattoos. Appellant objected on relevancy grounds and under rule 403. *See* Tex. R. Evid. 401, 403. The trial court sustained Appellant's objections to all of the photographs except two, which depicted gang tattoos.

As a general matter, testimony regarding a defendant's affiliation with a gang may be relevant and admissible at the punishment phase to show the defendant's character. *Beasley v. State*, 902 S.W.2d 452, 456 (Tex. Crim. App.

---

[3]Again, Appellant's argument that the State did not lay the proper predicate is waived. We also overrule Appellant's argument that the trial court did not conduct the balancing test under rule 403. *See Sanders*, 255 S.W.3d at 760.

1995). A police officer in the gang intelligence section identified Appellant's tattoos as commonly associated with the Bloods. *See Garcia*, 239 S.W.3d at 867 (holding that evidence of gang tattoos "supplied sound evidence of Garcia's gang membership"). The photographs were therefore not irrelevant or unfairly prejudicial. The trial court did not abuse its discretion by admitting them. We overrule Appellant's fourth point.

As to the photographs and DNA evidence from a burglary of a Family Dollar and the photographs of the burglary of a convenience store, we note that "a wide scope of evidence of any 'bad acts' is allowed at the punishment phase." *Sierra v. State*, 266 S.W.3d 72, 79 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (citing Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1)). Prior crimes or bad acts provide additional information which the jury may use to determine the defendant's sentence. *Fields v. State*, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999). The photographs and DNA evidence allowed the jury to link Appellant to past bad acts and then determine the appropriate sentence. The trial court therefore did not abuse its discretion by admitting the evidence. We overrule Appellant's fifth through eighth points.

9

## Conclusion

Having overruled Appellant's eight points, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 14, 2015

10