Cynthia **PHILLIPS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–00–392–CR.

Court of Appeals of Texas, Waco.

Feb. 27, 2002.

Kerri K. Anderson–Donica, Law Office of Kerri K. Anderson–Donica, Corsicana, for appellant.

Patrick C. Batchelor, Navarro County Crim. Dist. Atty., James E. Lagomarsino, Navarro County Asst. Crim. Dist. Atty., Corsicana, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

After a jury convicted Cynthia Phillips of murdering Toby Matthews, the court

sentenced her to 60 years in prison. She appeals, urging (1) the court erred in its charge to the jury and (2) the evidence is insufficient to corroborate the testimony of an accomplice. Finding harmless error in the charge and sufficient corroboration, we will affirm the judgment.

## THE OFFENSE

Toby Matthews was found dead behind his car on the side of the road in a Corsicana neighborhood. He had been shot multiple times. A resident of the area heard gunshots and saw a pick-up speed away. Phillips, who was Matthews' girlfriend, and Richard Boyd, Matthews' roommate, were arrested and charged with murder. Boyd, who pled guilty to the offense before Phillips' trial, was the main witness against her.

## CHARGE ERROR

■ Phillips' first issue claims the trial court erred in overruling her objection to the charge at the guilt-innocence phase. She contends that the court erred by including two lines from the *Geesa* "reasonable doubt" definition in the jury charge. *Geesa v. State*, 820 S.W.2d 154, 162 (Tex.Crim.App.1991), *overruled by Paulson v. State*, 28 S.W.3d 570, 573 (Tex.Crim.App. 2000). The two lines Phillips finds objectionable are:

> It is not required that the prosecution prove guilt beyond all doubt. It is required that the prosecution's proof exclude all reasonable doubt concerning the defendant's guilt.

At trial, Phillips objected only to the first sentence.

Phillips says that because the Court of Criminal Appeals found the better practice was to give no definition of reasonable doubt at all to the jury, the inclusion of these sentences is error. *See Paulson v. State*, 28 S.W.3d 570, 573 (Tex.Crim.App.

2000). We agree. In *Paulson*, the Court decided to forgo requiring a definition on reasonable doubt. *See id.* The Court said: "We find that the better practice is to give no definition of reasonable doubt at all to the jury. On the other hand, if both the State and the defense were to agree to give the *Geesa* instruction to the jury, it would not constitute reversible error for the trial court to acquiesce to their agreement." *Id.* Here, the trial court extracted two lines from the reasonable-doubt instruction in *Geesa* and gave them to the jury. Because the Court of Criminal Appeals was clear on the point—give it all if the parties agree or give none of it—we hold it was error to give part of the *Geesa* instruction in the absence of an agreement. *See id.*

■ Having found error in the charge, we turn to the question of harm. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex.Crim.App. 1994) (a review of charge errors is a two-step process). Because Phillips did not object to both sentences, we might apply the "some harm" standard to the objected-to portion and the "egregious harm" standard to the other. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (on rehearing). However, after a thorough evaluation of the record applying the less stringent standard, we cannot say that the charge error caused harm. *See Ovalle v. State*, 13 S.W.3d 774, 786 (Tex.Crim.App. 2000) (factors to consider). Thus, Phillips's first issue is overruled.

## ACCOMPLICE WITNESS TESTIMONY

■ Phillips' second issue challenges the sufficiency of the evidence to corroborate Boyd's accomplice testimony.

■ Article 38.14 states that a conviction "cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defen-

dant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX.CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979). The reason for the rule is that accomplice testimony is inherently untrustworthy and should be viewed with caution. *Blake v. State*, 971 S.W.2d 451, 454 (Tex. Crim.App.1998) (accomplices often have incentives to lie, such as to avoid punishment or shift blame to another person). The test for determining whether the evidence is sufficient to corroborate accomplice testimony is to eliminate from consideration the accomplice-witness's testimony and examine the other inculpatory evidence to ascertain whether the combined weight of the non-accomplice evidence "tends to connect" the defendant with the offense. *Bradley v. State*, 48 S.W.3d 437, 440 (Tex. App.-Waco 2001, no pet.) (citing *Cathey v. State*, 992 S.W.2d 460, 462 (Tex.Crim.App. 1999), *cert. denied*, 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000)). We will use this test to determine whether Boyd's testimony is adequately corroborated.

Boyd testified that on the night of the murder, he and Phillips followed Matthews as he was driving to a store to buy cough medicine. Boyd flashed his lights at Matthews, and after Matthews pulled over to the side of the road, they argued about the cough medicine. As Matthews turned to go back to his car, Phillips pulled out a gun and shot him. She continued to shoot him after her first shot hit him. Although Boyd had said in a written statement that he then took the gun from Phillips and also shot Matthews, he testified at trial he did not shoot at all. He said they got back in the pick-up, turned around, and drove home.

Manda Ralstin Mauch testified that she and Phillips were in the same jail cell in Colorado some time after the murder. Phillips admitted to her that she shot Matthews six or seven times and killed him. She testified that Phillips also said Boyd was with her and that he, too, shot Matthews. Ralstin Mauch's testimony, independently of Boyd's, "tends to connect" Phillips to the offense. We hold that Boyd's testimony is sufficiently corroborated and overrule the second issue.

## CONCLUSION

Having overruled Phillips' two issues, we affirm the judgment.

Justice GRAY, concurring.

GRAY, Justice, concurring.

The majority has determined that the trial court erred by including two lines from the former required "reasonable doubt" definition in the jury charge. The two lines are as follows:

It is not required that the prosecution prove guilt beyond all doubt. It is required that the prosecution's proof exclude all reasonable doubt concerning the defendant's guilt.

At trial, Phillips only objected to the first sentence.

Phillips contends, and the majority agrees, that because the Court of Criminal Appeals found the "better practice" was to give no definition of reasonable doubt to the jury, the inclusion of these lines is error. *See Paulson v. State*, 28 S.W.3d 570, 573 (Tex.Crim.App.2000). I disagree. In *Paulson*, the Court decided the "better practice" was to forgo requiring a definition on reasonable doubt. *See id.* It did not, however, hold that to include such a definition is error.

"Better practice" does not equate to being the only way to submit a proper charge. If it was error to include any type of instruction or definition regarding reasonable doubt, the court had the issue before it and could have so held. It did

not. "Better practice" should not be construed to mean that anything else is error. The trial court has always been accorded wide discretion regarding what additional instructions and definitions should be included in the charge. We must review each charge, and each objection to a charge, on a case by case basis to determine if the charge contained error.

The United States Supreme Court does not subscribe to the theory proposed by Phillips. That Court has said:

> ... the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course. Indeed, so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, ... the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. Rather, "taken as a whole, the instructions [must] correctly convey the concept of reasonable doubt to the jury." (citations omitted).

*Victor v. Nebraska,* 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994).

The first sentence Phillips complains about is not a definition of reasonable doubt. It only tells the jury that the State's burden is not proof beyond all doubt. It does not lessen the State's burden of proof, especially in light of the second sentence which correctly repeats the State's burden. *See* TEX.CODE CRIM. PROC. ANN. art. 38.03 (Vernon Supp.2002). As a whole, the instructions correctly conveyed reasonable doubt to the jury. Thus, the trial court did not err by including these sentences in the jury charge. Phillips's first issue should be overruled.

## CONCLUSION

Because the majority holds the trial court erred but holds that the error was harmless, they reach the same result as I would by holding that the trial court did not err. Accordingly, I concur in the result.