### Carlos RUIZ, Appellant,

v.

### The STATE of Texas, Appellee.

### No. 13–04–103–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

June 2, 2005.

Grant Jones, Corpus Christi, for appellant.

Carlos Valdez, Nueces County Dist. Atty., Douglas K. Norman, Asst. Dist. Atty., Corpus Christi, for appellee.

Before Justices RODRIGUEZ, CASTILLO, and GARZA.

## OPINION

Opinion by Justice GARZA.

Carlos Ruiz was indicted for injury to a child, found guilty by a jury, and sentenced to twenty-five years in prison. By a single issue on appeal, Ruiz complains that, over his objection, the trial court submitted an erroneous definition of "reasonable doubt" in its jury charge. The charge submitted by the trial court instructed the jury that "[i]t is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all 'reasonable doubt' concerning the defendant's guilt." Numerous courts of appeals in Texas have approved the same "beyond all possible doubt" instruction because it does not constitute a definition of reasonable doubt and thus does not run afoul of the court of criminal appeals precedent in *Paulson v. State*, 28 S.W.3d 570, 573 (Tex.Crim.App. 2000), which held that trial courts are not required to define reasonable doubt and suggested that "the better practice is to give no definition of reasonable doubt at all to the jury." [1]

1. *O'Canas v. State*, 140 S.W.3d 695, 699–702 (Tex.App.-Dallas 2003, pet. ref'd) (holding that "all possible doubt" language is not a definition of reasonable doubt); *Ochoa v. State*, 119 S.W.3d 825, 829 (Tex.App.-San Antonio 2003, no pet.) (same); *Best v. State*, 118 S.W.3d 857, 865 (Tex.App.-Fort Worth 2003, no pet.) (holding that trial court did not err by submitting a jury charge distinguishing reasonable doubt from possible doubt); *Torres v. State*, 116 S.W.3d 208, 212 (Tex.App.-El Paso 2003, no pet.) (holding the challenged instruction regarding "all possible doubt" does not constitute a definition of reasonable doubt); *Jackson v. State*, 105 S.W.3d 321, 326 (Tex. App.-Houston [14th Dist.] 2003, pet. ref'd) ("[T]he instruction, 'it is not required that the prosecution prove guilt beyond all doubt,' does not lessen the State's burden of proof, confuse the jury, or negate the statutory burden of proof language, particularly in view of the next sentence, 'it is required that the prosecution's proof excludes all reasonable doubt,' which correctly states the State's burden of proof."); *Fluellen v. State*, 104 S.W.3d 152, 164–65 (Tex.App.-Texarkana 2003, no pet.)(holding that there is no error in instruction that "it is not required that the prosecution prove guilt beyond all doubt"); *Carriere v. State*, 84 S.W.3d 753, 759 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd) ("The charge was proper because it did not define reasonable doubt ...."); *see also Daughtry v. State*, No.11–01–00329–CR, 2003 WL 22146391, at *3, 2003 Tex.App. LEXIS 8085, *10–12 (Tex. App.-Eastland Sept.18, 2003, no pet.) (not designated for publication) (holding that instruction regarding "all possible doubt" was not erroneous); *Owens v. State*, No. 12–03–00095–CR, 2004 WL 1416286, at *2, 2004 Tex.App. LEXIS 5656, *2–5 (Tex.App.-Tyler June 23, 2004, no pet.)(not designated for publication) (reviewing jury charge including "all possible doubt" instruction and finding no error).

We reach the same conclusion and follow the precedent of the court of criminal appeals, which has held that the inclusion of the "beyond all possible doubt" instruction is not an abuse of discretion. *See Woods v. State*, 152 S.W.3d 105, 114–16 (Tex. Crim.App.2004). Ruiz's sole issue on appeal is therefore overruled. *See Hutch v. State*, 922 S.W.2d 166, 170–71 (Tex.Crim. App.1996) (holding that, to succeed on issue of jury charge error, appellant must first show error exists in jury charge). The judgment of the trial court is affirmed.