IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00365-CR

No. 10-05-00366-CR

 

James Daniel Green,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 278th District Court

Madison County, Texas

Trial Court Nos. 05-10907-278-07

and 05-10909-278-07

 



MEMORANDUM  Opinion



 








          A jury convicted James Daniel Green of
two counts of burglary of a habitation and assessed his punishment at two terms
of forty years’ imprisonment to run concurrently.  Green contends in his sole
issue that there is insufficient evidence to corroborate the accomplice
testimony offered at trial.  We will affirm.

          Twice in the first week of January,
the ranch home of Tony Wolfskill was burglarized.  Each time guns, ammunition,
and other items were taken.  Green was charged in each burglary.  The primary
witnesses against him were his two accomplices, Matt Driskell and Jared Tidwell.
 Driskell and Tidwell were arrested in possession of certain stolen within
hours of the second burglary.  They immediately confessed and implicated Green
in the burglaries.  Each accomplice testified that Green was the leader.  In
addition to this accomplice testimony, two sheriff’s deputies, neighbors, and other
witnesses testified as to the facts of the break-ins and having seen Green in
the area of the Wolfskills’ house near the time of the burglaries.

          Green argues in his sole issue that
there is insufficient evidence to corroborate the accomplice testimony.  Accomplice
testimony must be corroborated by “other evidence tending to connect the
defendant with the offense committed.”  Tex.
Code Crim. Proc. Ann. art. 38.14 (Vernon 2005).  The test for sufficient
corroboration is to eliminate from consideration the accomplice testimony, and
then examine the remaining inculpatory evidence to ascertain whether it tends to
connect the defendant with the offense.  Cathey v. State, 992 S.W.2d
460, 462 (Tex. Crim. App. 1999); Phillips v. State, 72 S.W.3d 719, 722 (Tex. App.—Waco 2002, no pet.).  Evidence merely proving that a crime was committed is
insufficient.  Tex. Code Crim. Proc. Ann.
art. 38.14.

          We begin with a review of the
non-accomplice testimony.  The sheriff’s deputies and the Wolfskills testified
that the house had been broken into twice.  Tony Wolfskill and his brother testified
that the Wolfskills’ ranch house had been burglarized on the afternoon of
January 4, 2005, and on the evening of January 6, 2005.  Wolfskill identified
two rifles, field binoculars and other items found hidden in the woods near his
house as some of the items taken.  A bank bag and hunting knife found in
Driskell’s vehicle were also identified by Wolfskill as being among the items
stolen.  Two handguns taken in the first burglary and additional rifles and
ammunition stolen in the second break-in were never recovered.

          The Wolf skills’ neighbor Dallas Ivey
testified that on the morning of January 4, he saw a jeep abandoned on the road
near the Wolfskills’ ranch.  Earlier in the day, Green had been seen by another
witness driving that same jeep.  Ivey also testified that he saw Green and
another man, later identified as Tidwell, walking down the road away from the
Wolfskills’ ranch on the afternoon of the first burglary.  Ashley Nuss said
Green and Tidwell stopped her on the road that same afternoon.  When Green
asked her for a ride, he also showed her two handguns, which were similar to
those stolen in the first burglary.

          Ivey also testified that on January 6,
his brother and he went to investigate a car parked on the side of the road and
saw Green and Tidwell coming from the woods near the Wolfskills’ house.  Green
claimed to be having car trouble, but the car started immediately.  A cache of
the Wolfskills’ stolen guns were later found in that area of the woods.

          Ivey and his brother testified that
later that same evening they saw a red Dodge truck which they knew to belong to
Matt Driskell, driving slowly by the Wolfskills’ with its lights off.  They saw
the shadows of people running across the yard and jumping in the truck.  Once
away form the Wolfskills’ house, the headlights came on as the truck speed
away.  The Iveys had, in the weeks prior to the burglary, seen Green riding in
Driskell’s truck and spotlighting the Wolfskills’ house.  Green at that time
claimed he was going to knock on the door.

The question of whether sufficient corroborating
evidence exists does not invoke the traditional legal or factual sufficiency
analyses.  Cathey, 992 S.W.2d at 462.  The analysis of the sufficiency
of corroborating evidence is done on a case by case basis.  Munoz v.
State, 853  S.W.2d 558, 559 (Tex. Crim. App. 1993).  The non-accomplice
evidence need not directly link the defendant to the crime, nor does it alone
have to establish guilt beyond a reasonable doubt; rather the evidence need only
to tend to connect the defendant to the crime.  Cathey, 992 S.W.2d at
462.  Presence with accomplices at or around the time of the crime is not
sufficient corroboration alone, but it is an important factor.  Hernandez v.
State, 939 S.W.2d 173, 178 (Tex. Crim. App. 1997); Jackson v. State,
745 S.W.2d 4, 13 (Tex. Crim. App. 1988).  Evidence of a guilty demeanor coupled
with other corroborating circumstances may tend to connect the defendant to the
crime.  Hernandez, 939 S.W.2d at 178.  Possession of the fruits of the
crime or even items similar to those taken is proper corroborating evidence.   Bradley
v. State, 48 S.W.3d 437, 441 (Tex. App.—Waco 2001, pet. ref’d); see also
Cockrum v. State, 758 S.W.2d 577, 582 (Tex. Crim. App. 1988).

Here, the record
contains considerable non-accomplice testimony placing Green with his
accomplices shortly before and after the commission of each offense and not far
from the site of the offense.  Such evidence adds to the weight of the
corroborative evidence.  Burks v. State, 876 S.W.2d 877, 887-88
(Tex. Crim. App. 1994); Bradley, 48 S.W.3d at 441.  Testimony from the
neighbors as to having seen Driskell’s truck and people running from the house
shows when and how the crime was committed, offering further corroboration of
the accomplice testimony.  Bradley, 48 S.W.3d at 441 (citing Reed v.
State, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988)).  Green acted
suspiciously prior to the burglary when he was seen with Driskell spotlighting
the Wolfskills’ property and also aroused suspicion following the first
burglary when he claimed to have car trouble but had no problems starting the
car.  He was also seen with handguns similar to those stolen from the
Wolfskills.

Although each piece of corroborating evidence
taken individually might be insufficient to tend to connect the defendant to
the offense, the totality of the evidence is enough for a rational jury to
conclude that Green was sufficiently connected to the burglaries through
non-accomplice testimony.  Hernandez, 939 S.W.2d at 178-79.  We overrule
Green’s sole issue on appeal and affirm the conviction.

 

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed December 13, 2006

Do not publish

[CRPM]