# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00126-CR

**Michael Cornell Jones, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 61548, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Michael Cornell Jones appeals his conviction for evading arrest with a motor vehicle, a state jail felony. *See* Tex. Penal Code Ann. § 38.04(a), (b)(1) (West 2003). A jury found Jones guilty and assessed punishment of two years' imprisonment. In a single issue, Jones asserts that the court's charge included an impermissible instruction regarding the level of doubt required to convict him. We will affirm the judgment of conviction.

## BACKGROUND

Neither the legal nor factual sufficiency of the evidence is challenged. The testimony at trial established that on the night of May 7, 2007, Killeen Police Officer Cassandra Fulton noticed a vehicle with a defective headlamp being driven by a man later identified as Jones. Officer Fulton began following Jones, observed him run through a stop sign, and initiated a traffic stop by activating

her overhead lights and air horn. Jones did not yield, but instead drove away at an increased speed.

After a few seconds of pursuit, Jones crashed his vehicle into a fence and then ran away on foot.

Officer Fulton soon discovered Jones hiding under a bush and arrested him. In addition to Officer

Fulton's testimony describing these events, the jury also viewed the footage taken from her patrol

car's video camera.

Before retiring to deliberate, the jury was instructed on the law applicable to the case.

The court's charge included the following statement:

> It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.[1]

Jones timely objected to this portion of the charge, stating,

> For the record, Your Honor, we will object to that instruction being included in the charge. However, I will, in all candor, admit that the case law is certainly against us in the court of appeals. The court of criminal appeals has said that's appropriate. However, for the record we are objecting to its inclusion.

The court overruled Jones's objection, and the jury found Jones guilty of the offense

of evading arrest. This appeal followed.

---

[1] This sentence has become known as "paragraph [3]" of the *Geesa* instruction, referring to the case in which the court of criminal appeals held that trial courts must define reasonable doubt in their jury charges and mandated a particular six-paragraph jury instruction. *See Geesa v. State*, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991). As we will discuss further, the requirement to define reasonable doubt for the jury was subsequently overruled by the court in *Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000).

**STANDARD OF REVIEW**

In determining whether there was reversible error in the jury charge, we must first determine if there actually exists error in the jury charge. *Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). In deciding whether there is charge error, we must review the charge as a whole rather than focusing on isolated parts of the charge. *Taylor v. State*, 148 S.W.3d 592, 594 (Tex. App.—Fort Worth 2004, pet. ref'd). Second, if charge error is found to exist, we determine if sufficient harm resulted from that error to require a reversal. The degree of harm resulting from charge error "must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record." *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000) (op. on reh'g).

**DISCUSSION**

Jones complains on appeal that the objected-to portion of the jury charge constitutes an impermissible definition of "reasonable doubt" and that, according to this Court's decision in *Rodriguez v. State*, 96 S.W.3d 398 (Tex. App.—Austin 2002, pet. ref'd), it was reversible error to include it in the court's charge. Jones's issue presents us with an opportunity to review a conflict in the jurisprudence of the courts of appeals and to evaluate our holding in *Rodriguez*. Before turning to *Rodriguez* and its bearing on the instant case, however, we will briefly address the context in which Jones's issue arises.

3

In *Geesa v. State*, the court of criminal appeals determined that a defendant was entitled to "a full definitional instruction to the jury on reasonable doubt" and expressly adopted a six-paragraph instruction to be "submitted to the jury in all criminal cases, even in the absence of an objection or request by the State or the defendant."[2]  820 S.W.2d 154, 162 (Tex. Crim.

---

[2] The *Geesa* instruction states in its entirety:

[1] All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

[2] The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

[3] It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

[4] A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

[5] Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

[6] In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not guilty".

*Geesa*, 820 S.W.2d at 162.

App. 1991). The chosen definition included, in its third paragraph, the instruction that is the subject of this appeal, namely, "It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all 'reasonable doubt' concerning the defendant's guilt."[3] *Id.* at 162. Prior to *Geesa*, "reasonable doubt" had never been defined in Texas, either statutorily or in the charge to the jury. *Id.* at 161 n.10. In its subsequent interpretation of the *Geesa* instruction, the court of criminal appeals determined that the requirement to include it in the jury charge was "absolute" and "systemic," and that "the failure to submit such an instruction is automatic reversible error" not subject to harm analysis. *See Reyes v. State*, 938 S.W.2d 718, 721 (Tex. Crim. App. 1996).

In *Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000), the court reconsidered the definitional requirement set forth in *Geesa* and *Reyes*, questioning the reasoning in *Geesa* and determining that *Reyes* should be overruled in its entirety. *Id.* at 572-73. The court specifically criticized paragraphs [4] and [5] of the *Geesa* definition, which attempted to define "reasonable doubt" in terms of the measure of doubt that would make a reasonable person "hesitate," and to characterize "proof beyond a reasonable doubt" as proof so convincing that one would rely and act upon it "without hesitation." *Id.* at 572; *Geesa*, 820 S.W.2d at 162. As the *Paulson* court explained, the redundant and ambiguous use of the concept of "hesitation" was problematic because "[c]onsiderations utterly foreign to reasonable doubt might make a person hesitate to act," and the decision to brand someone as a criminal is one that would "make us hesitate if we have any human feelings or sensitivity at all." 28 S.W.3d at 572. Rather than try to redefine "reasonable doubt,"

_____

[3] Thus, although the paragraphs were not actually numbered in the *Geesa* opinion, this language is commonly referred to as "paragraph [3]" of the *Geesa* instruction.

however, the court held that "the better practice is to give no definition of reasonable doubt at all to the jury." *Id.* at 573. The court further stated, "On the other hand, if both the State and the defense were to agree to give the *Geesa* instruction to the jury, it would not constitute reversible error for the trial court to acquiesce to their agreement." *Id.*

The first court of appeals to consider the post-*Paulson* use of the *Geesa* instruction was the Waco court in *Phillips v. State*, 72 S.W.3d 719 (Tex. App.—Waco 2002, no pet.). In that case, the definition given by the trial court included only paragraph [3] of the *Geesa* instruction,[4] and the Waco court determined that this was error because *Paulson* was clear on the point that, absent an agreement between the parties, the trial court should give all of the *Geesa* instruction or give none of it, but concluded that the error was harmless. *Id.* at 721.

It was in light of the foregoing that this Court decided *Rodriguez*. Our holding in that case—where, as here, the only *Geesa* instruction given was paragraph [3] and the defendant timely objected to its inclusion—was that paragraph [3] is "definitional" in the sense that it states "what reasonable doubt is not." 96 S.W.3d at 405. Thus, while observing that "the complained-of instruction . . . does not appear to be too intrusive upon the 'better practice'" announced in *Paulson*, we concluded that the instruction still "should not have been given over objection." *Id.* Proceeding to a harm analysis, we determined that the error was not calculated to injure the rights of the appellant and overruled his point of error.[5]

---

[4] The instruction given in *Phillips* deviated slightly from the *Geesa* language, stating that the prosecution need not prove guilt "beyond all doubt," rather than "beyond all possible doubt." *Phillips v. State*, 72 S.W.3d 719, 721 (Tex. App.—Waco 2002, no pet.).

[5] We disagreed with the Waco court, however, that any extraction from the *Geesa* definition is erroneous in the absence of an agreement between the defendant and the State. *Rodriguez v. State*, 96 S.W.3d 398, 405 (Tex. App.—Austin 2002, pet. ref'd).

6

Our decision holding that the paragraph [3] language is definitional and therefore constitutes charge error has been criticized by our sister courts that have addressed the issue. *See O'Canas v. State*, 140 S.W.3d 695, 701 (Tex. App.—Dallas 2003, pet. ref'd) (noting that if paragraph [3] defined "reasonable doubt," court of criminal appeals would have so stated in *Paulson*); *Ochoa v. State*, 119 S.W.3d 825, 829 (Tex. App.—San Antonio 2003, no pet.) (recognizing split of authority but deciding language not definitional); *Torres v. State*, 116 S.W.3d 208, 212 (Tex. App.—El Paso 2003, no pet.) (challenged instruction does not constitute definition of reasonable doubt); *Fluellen v. State*, 104 S.W.3d 152, 164 (Tex. App.—Texarkana 2003, no pet.) (same); *Minor v. State*, 91 S.W.3d 824, 829 (Tex. App.—Fort Worth 2002, pet. ref'd) (same); *Brown v. State*, 91 S.W.3d 353, 358 (Tex. App.—Eastland 2002, no pet.) (same); *Carriere v. State*, 84 S.W.3d 753, 759 (Tex. App. —Houston [1st Dist.] 2002, pet. ref'd) (paragraph [3] language is not sort of instruction prohibited by *Paulson*); *see also Holland v. State*, 249 S.W.3d 705, 707 (Tex. App.—Beaumont 2008, no pet.) (giving *Geesa* instruction in absence of agreement between State and defense would not constitute reversible error); *Ruiz v. State*, 228 S.W.3d 691, 692-93 (Tex. App.—Corpus Christi 2005, no pet.) (trial court does not abuse its discretion by including "beyond all possible doubt" instruction); *Jackson v. State*, 105 S.W.3d 321, 325 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding same and further noting that instruction does not lessen State's burden of proof, confuse jury, or negate statutory burden of proof language).

The court of criminal appeals has since decided a case in which the jury charge contained some of the language of the original *Geesa* instruction, including paragraph [3], but did not include the objectionable language from paragraphs [4] and [5] that had been criticized by the *Paulson* court. *See Woods v. State*, 152 S.W.3d 105 (Tex. Crim. App. 2004). In *Woods*, the

defendant did not object to the charge at trial, and on appeal, he challenged only the inclusion of the paragraph [3] reasonable doubt instruction. *Id.* at 115. The court of criminal appeals stated that "the trial court did not abuse its discretion by including paragraph [3] of the *Geesa* instruction" and overruled Woods's issue without further explanation. *Id.* A number of courts of appeals have thus determined that *Woods* is dispositive of the issue that Jones now raises on appeal—including the Waco court, which has declared that its decision in *Phillips* was "implicitly overruled" by *Woods*. *See Steadman v. State*, Nos. 10-07-00105-CR & 10-07-00106-CR, 2008 Tex. App. LEXIS 5039, at *14-15 & n.1 (Tex. App.—Waco July 2, 2008, no pet. h.); *see also Ruiz*, 228 S.W.3d at 693; *Jimenez v. State*, No. 05-06-01374-CR, 2008 Tex. App. LEXIS 1874, at *6 (Tex. App.—Dallas 2008, no pet.) (mem. op., not designated for publication); *Williams v. State*, No. 14-06-00633-CR, 2007 Tex. App. LEXIS 7054, at *6 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (mem. op., not designated for publication).

By the same logic, *Woods* would also have overruled this Court's decision in *Rodriguez*, completely foreclosing Jones's argument on appeal that the trial court erred by disregarding *Rodriguez*. Even if *Rodriguez* has not been overruled by *Woods*, however, Jones's argument still fails because he has not shown that the alleged jury charge error was harmful.

In order to support reversal of the conviction, any alleged error in the jury charge must be calculated to injure the defendant's rights. *See Abdnor*, 871 S.W.2d at 731-32; *Almanza*, 686 S.W.2d at 171. The appellant has the burden to show that he suffered some actual harm from the charge error, and if he fails in this endeavor, the error will not require reversal. *Abdnor*, 871 S.W.2d at 732. Here, Jones asserts that he suffered actual harm "when the trial court failed to follow the philosophy of *stare decisis* and refuse to give any instructions or definitions of reasonable

doubt to the jury," depriving him of a fair and impartial trial. As discussed above, it is far from clear that the authorities binding this Court dictate that a trial court may never instruct a jury on reasonable doubt—only that the "better practice" is not to do so. *See Paulson*, 28 S.W.3d at 573. Nor did *Rodriguez* make the clear statement Jones attributes to it that the inclusion of paragraph [3] in the jury charge is reversible error. By merely alleging that the trial court ignored precedent when it disregarded *Rodriguez*, Jones has not shown that he suffered actual harm. As we acknowledged in *Rodriguez*, the instruction Jones complains of "does not appear to be too intrusive upon the 'better practice,'" and in addition to making a timely objection, we required the appellant to further show that he suffered actual harm, which he failed to do. Likewise, Jones has not carried his burden, and we overrule his point of error.

## CONCLUSION

Because the trial court did not commit reversible error in submitting its charge to the jury, we affirm the judgment of conviction.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: August 6, 2008

Do Not Publish

9