

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOSEPH ALBERT DURANT, | § | No. 08-11-00169-CR |
| Appellant, | § | Appeal from the |
| v. | § | 297th District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC#1181547D) |
| | § | |

## **O P I N I O N**

Appellant, Joseph Albert Durant, was convicted by a jury of burglary of a building, enhanced. In a single issue, Appellant complains that the trial court erroneously denied his motion for mistrial during the punishment phase of trial "[b]ecause the State's counsel repeatedly offered inflammatory information that was not admissible, even after being instructed not to do so by the trial judge," and asserts that his opportunity for a fair and impartial jury and trial were severely affected.[1]

## **BACKGROUND**

Appellant was charged by indictment with burglary of a building, enhanced by prior

---

[1] As this case was transferred from our sister court in Fort Worth we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

convictions. Appellant pleaded guilty to the charged offense. To the enhancement provisions, Appellant stood silent and the trial court entered a not true plea on Appellant's behalf.

Appellant elected to have punishment assessed by the jury. During the punishment phase of trial, Appellant testified and was cross-examined by the State. Appellant complains of the following colloquy.

After the State asked Appellant if he remembered being previously arrested for larceny in another state, counsel objected and asserted that "[e]ven in a punishment hearing arrest is not admissible . . . without a conviction" or "some adjudication of facts . . . ." The trial court advised the State that it could question Appellant "as to any conviction or any other admissible evidence." Appellant did not request that the trial court instruct the jury to disregard the State's question nor did he request a mistrial.

The State then asked Appellant whether he was subject to a distribution of marijuana charge when he was in New Mexico. After Appellant noted that those charges had been dismissed, the trial court sustained counsel's objection that the prosecutor was questioning Appellant in violation of the trial court's previous ruling, and, as requested by counsel, instructed the jury to disregard the prosecutor's question. The trial court then denied Appellant's motion for mistrial.

The State immediately thereafter said, "Okay. You got in trouble in New Mexico," and then asked Appellant, "Were you ever charged with something in Hawaii?" Counsel immediately objected, noting that the State was continuing to ignore the court's ruling on such questions. The State argued that it was permitted to inquire about Appellant's bad acts under Rule 404(b). Defense counsel countered that the State was asking the complained-of questions in bad faith

2

because the State was asking about arrests and the trial court had already instructed the State that questions regarding arrests not resulting in conviction, "or something that results in adjudication [or] a factual determination that something has happened," are not admissible even in a punishment hearing. The trial court sustained the objection. However, Appellant did not ask the trial court to instruct the jury to disregard the question and did not seek a mistrial after this exchange.

Following this colloquy, the State asked questions regarding Appellant's multiple prior convictions and sentences, and introduced into evidence Appellant's prior judgments and pen packets. In its charge to the jury, the trial court instructed the jury that it was only permitted to consider evidence of extraneous crimes or bad acts in assessing punishment, even if Appellant has not been charged or convicted for such acts, if the State had shown beyond a reasonable doubt that Appellant had committed such acts or offenses or could be held criminally responsible therefor. The jury thereafter returned a verdict of guilty, found the enhancement allegations in the indictment to be true, and assessed Appellant's punishment at fifteen years' confinement.

## PRESERVATION OF ERROR

Typically, the proper method for seeking a mistrial requires counsel to object, to request that the trial court instruct the jury to disregard, and to move for a mistrial. *Coe v. State*, 683 S.W.2d 431, 436 (Tex.Crim.App. 1984) (recognizing this to be the proper method to seek mistrial for improper admission of extraneous offense evidence); *Koller v. State*, 518 S.W.2d 373, 376 n.2 (Tex.Crim.App. 1975). Appellant only once followed the three-step process when the State inquired about Appellant's purported distribution of marijuana charge.

Appellant failed to request an instruction to disregard and a mistrial for either the State's

3

preceding or subsequent questions to which he had objected. Therefore, any error in the trial court's rulings on those two objections have not been preserved for our consideration under the improper denial of mistrial issue Appellant has raised on appeal. *See McFarland v. State*, 989 S.W.2d 749, 751 (Tex.Crim.App. 1999) (failure to request instruction to disregard or mistrial failed to preserve any error in prosecutor's jury argument). Accordingly, the only preserved complaint that is presently before us is whether the trial court erred in denying Appellant's motion for mistrial regarding the State's inquiry regarding Appellant's alleged distribution of marijuana charge. *Coe*, 683 S.W.2d at 436.

## STANDARD OF REVIEW

When a trial court sustains an objection, instructs the jury to disregard, and denies a defendant's motion for mistrial, the issue to be determined on appeal is whether the trial court abused its discretion by denying the mistrial. *Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex.Crim.App. 2004). "A mistrial is an appropriate remedy in 'extreme circumstances' for a narrow class of highly prejudicial and incurable errors." *Ocon v. State,* 284 S.W.3d 880, 884 (Tex.Crim.App. 2009). Because of the remedy's extreme nature, a mistrial "should be granted only when residual prejudice remains after objections are sustained and curative instructions given." *Barnett v. State,* 161 S.W.3d 128, 134 (Tex.App.—Fort Worth 2005), *aff'd*, 189 S.W.3d 272 (Tex.Crim.App. 2006); *see also Ocon,* 284 S.W.3d at 884–85. In most instances, the trial court's instruction to disregard will cure the alleged harm. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex.Crim.App. 2000), *cert. denied*, 532 U.S. 944, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001).

We review a trial court's denial of a mistrial for an abuse of discretion, and the trial court's ruling must be upheld if it was within the zone of reasonable disagreement. *Ocon,* 284 S.W.3d at

884; *Hawkins*, 135 S.W.3d at 77.   We must review the trial court's ruling in light of the arguments that were before the trial court at the time it ruled.   *See* TEX. R. APP. P. 33.1; *Wead v. State*, 129 S.W.3d 126, 129 (Tex.Crim.App. 2004); *Dragoo v. State,* 96 S.W.3d 308, 313 (Tex.Crim.App. 2003) (appellate court reviewing a trial court ruling on a motion to dismiss must do so in light of the arguments before the trial court at the time it ruled); *see also Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App. 2000) (appellate court reviewing a trial court ruling on the admission of evidence must do so in light of the arguments before the trial court at the time it ruled).   However, we may not fault the trial court on the basis of arguments not presented to the trial court.   *Wead*, 129 S.W.3d at 129.   In determining whether the trial court abused its discretion in denying a defendant's motion for mistrial, we consider:   (1) the severity of the conduct; (2) curative measures; and (3) the certainty of conviction absent the misconduct.   *Hawkins*, 135 S.W.3d at 77; *Mosley v. State,* 983 S.W.2d 249, 259 (Tex.Crim.App. 1998) (op. on reh'g), *cert denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999).

## ANALYSIS

When a defendant exercises his right to testify, the general rule is that he is subject to the same rules governing examination and cross-examination as any other witness, whether he testifies at the guilt-innocence stage or at the punishment stage of the trial. *See Felder v. State*, 848 S.W.2d 85, 99 (Tex.Crim.App. 1992); *Cantu v. State,* 738 S.W.2d 249, 255 (Tex.Crim.App. 1987), *citing Brown v. State,* 617 S.W.2d 234 (Tex.Crim.App. 1981).   Once an appellant decides to testify at trial he opens himself up to questioning by the prosecutor on any subject matter which is relevant. *Felder,*  848 S.W.2d at 99.   However, article 37.07, section 3 of the Texas Code of Criminal Procedure governs the admissibility of evidence of a defendant's

5

prior bad acts or extraneous offenses in all criminal cases after a finding of guilt.  TEX. CODE

CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West 2006).   That section provides in part:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act *that is shown beyond a reasonable doubt by evidence* to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.   *Id.* (emphasis added).

In addressing the reasonable doubt standard of article 37.07, the Texas Court of Criminal Appeals

has observed:

> At the punishment phase, the defendant has already been found guilty beyond a reasonable doubt of each element of the offense charged.   For purposes of assessing punishment, the prosecution may offer evidence of any extraneous crime or bad act that is shown, beyond a reasonable doubt, either to have been (1) an act committed by the defendant or (2) an act for which he could be held criminally responsible.   TEX. CODE CRIM. PROC. art. 37.07, § 3(a).   Prior crimes or bad acts are introduced to provide additional information which the jury may use to determine what sentence the defendant should receive.   The statute requires that such evidence may not be considered in assessing punishment until the fact-finder is satisfied beyond a reasonable doubt that these prior acts are attributable to the defendant. Once this requirement is met, the fact-finder may use the evidence however it chooses *in assessing punishment.*   Thus, this evidence serves a purpose very different from evidence presented at the guilt-innocence phase.

*Fields v. State*, 1 S.W.3d 687, 688 (Tex.Crim.App. 1999) (emphasis in original).

Our consideration of Appellant's improper denial of mistrial issue is therefore guided by

article 37.07 for determining the admissibility of evidence under its provisions.   *Haley v.*

*State*, 173 S.W.3d 510, 514 (Tex.Crim.App. 2005); *Jaubert v. State,* 74 S.W.3d 1, 2

(Tex.Crim.App. 2002); *see Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App. 1991).   For

purposes of assessing punishment, the Texas Court of Criminal Appeals has held the unambiguous

wording of article 37.07, section 3(a)(1) to mean that the prosecution may offer evidence of any extraneous crime or bad act that is shown beyond a reasonable doubt either to have been: (1) an act committed by the defendant; or (2) an act for which he could be held criminally responsible. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1); *Haley*, 173 S.W.3d at 514; *Fields v. State,* 1 S.W.3d 687, 688 (Tex.Crim.App. 1999).

In *Haley*, the Court recognized three principles to be apparent from the text of article 37.07, section 3. *Haley*, 173 S.W.3d at 514-15. First, Section 3(a) "does not contemplate any significant distinction between the terms 'bad act' or 'extraneous offense'" and "does not place each on a separate path towards admissibility." *Id*. Thus, it is irrelevant whether the conduct the offering party is attempting to prove is, or can be characterized, as an offense. *Id.* Second, although the beyond a reasonable doubt burden of proof required by article 37.07, section 3 does not require the offering party to necessarily prove that the act was a criminal act or that the defendant committed a crime before the jury can consider such evidence in assessing punishment, it must be satisfied beyond a reasonable doubt that the acts are attributable to the defendant. *Id*. at 515; *Huizar v. State,* 12 S.W.3d 479, 482–83 (Tex.Crim.App. 2000); *Fields,* 1 S.W.3d at 688. The Court has interpreted the provision to require the burden of proof to be applied not to the elements of a crime as is necessary for a finding of guilt but to a defendant's involvement in the act itself. *Haley*, 173 S.W.3d at 515. Last, the plain language of the statute "is in harmony with the nature and general characteristics of punishment evidence." *Id*. Hence, the question at punishment is not whether the defendant has committed a crime but, instead, what sentence should be assessed, and the punishment phase requires the jury only find that these prior acts are attributable to the defendant beyond a reasonable doubt. *Id.*

7

While we strongly disapprove of the State's unnecessary questioning regarding arrests or charges and its disrespectful conduct during the complained-of punishment colloquy, we find by the narrowest of margins that the State's questioning regarding a charge that had been dismissed fell short of qualifying as severe. *Hawkins*, 135 S.W.3d at 77; *Mosley*, 983 S.W.2d at 259. We also find the trial court's instruction to disregard constituted a proper curative measure, which was followed by the trial court's proper jury instruction in the charge setting forth the State's burden of proving extraneous offenses and bad acts beyond a reasonable doubt before the evidence could be considered. *Hawkins*, 135 S.W.3d at 77; *Wesbrook*, 29 S.W.3d at 115. Finally, as Appellant had pleaded guilty, the certainty of his conviction absent the misconduct was established. *Hawkins*, 135 S.W.3d at 77; *Mosley*, 983 S.W.2d at 259.

We note that, without enhancement, burglary of a building is a state jail felony having a punishment range of not more than two years or less than 180 days' imprisonment. TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2012), § 30.02(c)(1) (West 2011). When enhanced by two prior felony convictions, as here, the punishment range for burglary of a building punishable under section 12.35(a) is that of a second degree felony: not more than twenty years' or less than two years' imprisonment. TEX. PENAL CODE ANN. § 12.33 (West 2011); § 12.425(b) (West Supp 2012) (current provision establishing penalties for repeat and habitual felony offenders on trial for a state jail felony); *see* § 12.42(a)(2) (West 2009) (former provision). Appellant faced a maximum sentence of twenty years. His sentence of fifteen years is well below the maximum sentence. As no residual prejudice remained after Appellant's objections and the trial court's curative instruction, we find the trial court's denial of Appellant's requested mistrial was within the zone of reasonable disagreement. *Ocon,* 284 S.W.3d at 884; *Hawkins*, 135 S.W.3d at 77.

8

Appellant's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


                                        GUADALUPE RIVERA, Justice

June 12, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)